

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00130-CR

---

DANIEL DAKOTA WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29515

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Dakota Walker pled guilty to manufacture or delivery of a penalty-group one controlled substance.[1]  Pursuant to a plea agreement with the State, Walker was sentenced to ten years' imprisonment.  In addition, Walker waived his right of appeal when he signed the following waiver of his rights:

> I freely, voluntarily and knowingly waive and give up any and all rights to appeal, file a motion for new trial or motion in arrest of judgment and/or my right to seek an application for writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure.

The trial court certified that this was a plea-agreement case and that Walker therefore had no right of appeal.

Even though Walker entered into a plea agreement with the State and otherwise waived his right of appeal, he nevertheless, acting pro se, filed a notice of appeal.  Because we find that we are without jurisdiction over this case as a result of Walker's plea agreement with the State and his waiver of the right of appeal, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)  . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A)  those matters that were raised by written motion filed and ruled on before trial, or
>
> (B)  after getting the trial court's permission to appeal.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Walker either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Walker's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification properly indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On October 29, 2021, we informed Walker of the apparent defect in our jurisdiction over this appeal and afforded him an opportunity to respond and, if possible, cure such defect. Walker did not file a response to our jurisdictional defect letter.

Because Walker has no right of appeal as a result of his plea bargain with the State and as a further result of his explicit, written waiver of that right and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 6, 2021
Date Decided:       December 7, 2021

Do Not Publish

3